IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**VICKI WILLIAMS,**

    **Plaintiff,**

vs.                                                                    Case No. 4:07cv527-SPM/WCS

**UNITED STATES COURTS,**

    **Defendant.**

_____/

## ORDER AND AMENDED REPORT AND RECOMMENDATION

Plaintiff, who is *pro se*, submitted a complaint on December 11, 2007.  Doc. 1. Plaintiff did not pay the filing fee for this case nor did she submit an *in forma pauperis* motion with the required supporting financial affidavit.  Thus, I entered a report and recommendation on December 14, 2007, finding that under the local rules of this Court, a civil action "shall not be filed by the clerk until the fee is paid as required by 28 U.S.C. § 1914, unless the complaint . . . is accompanied by a motion for leave to proceed *in forma pauperis*."  N.D. Fla. Loc. R. 5.1(H).  Because Plaintiff neither paid the fee nor filed an *in forma pauperis* motion, I recommended this case be dismissed.  Doc. 3.

On December 19, 2007, Plaintiff then submitted a document titled "affidavit of indigency," which has been docketed as a motion for leave to proceed *in forma*

*pauperis*. Doc. 4. This document is not on the proper forms; nevertheless, Plaintiff's financial condition appears to warrant the granting of *in forma pauperis* status.

Granting *in forma pauperis* status does not alter the recommendation of the prior report and recommendation. Federal law permits a United States District Court to dismiss a case filed *in forma pauperis*, if it is satisfied that the action is frivolous or malicious. The Supreme Court has recognized two types of cases which may be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). The first class are "claim(s) based on an indisputably meritless legal theory," and the second class contain "claims whose factual contentions are clearly baseless." *Id.* This case lacks both an arguable basis in law and is clearly removed from reality. Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990), *citing* Neitzke. Dismissal of the complaint remains appropriate.

Accordingly, it is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 4, be **GRANTED**.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2008.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**